This is the same case which has been before in this Courts and now comes here by appeal of the Defendant. It was an action of assumpsit, and the declaration contained a special count on the bill mentioned hereafter, and also a count for money had and received. By the opinion of tho Court below, the Plaintiff had a verdict
 
 *195
 
 for the principal money and six per cent, interest, and judgment accordingly. The case was argued here by
 
 Morclecai
 
 and
 
 Secnoell
 
 for the Defendant, and by
 
 Gaston
 
 for the
 
 Plaintiff;
 
 and the judgment below was reversed. The facts of the case, and also the points made at the bar, are so fully stated by the Ctitee-Justice, who delivered the opinion of the Court, that it is unnecessary for the Reporter to do more than to give his words.
 

 He said, the only question to be decided in this case is, whether the Plaintiff be entitled to recover on the count for money had and received — the count upon the non-acceptance of the bill having been abandoned, because there is nothing in the case tending to shew notice of such nonacceptance.
 

 The material facts are, that on the 11th and 20th April, 1815, E. Riggs, the drawee of the bill, wrote two letters to Rodman, the drawer, informing him that he had chartered the
 
 Aurora
 
 to go to Washington, in this State, for a cargo of naval stores, and directing Rodman to draw on him at Georgetown. — The vessel arrived and began to load on 15th May, and completed her loading on the 9th June
 
 ;
 
 but as part of her cargo was to be ta-llen in at Occacock, she did not finally depart from our waters until 23d June. On the 13th of May, two days before the ship began to load, Rodman drew this bill on Riggs, at Georgetown, for one thousand dollars payable thirty days after sight, in favor of the Plaintiff or order. There is a memorandum on the bill of its being noted on 27 th of May; but the only protest is that for non-payment, which was made on 30th June; and on the same day, the Notary put a letter.into the Post-Office at Georgetown, giving Rodman notice of the non-payment and protest. From these facts, we shall be able to ascertain whether there has been any laches on the part of the holder of the bill; for it is a very clear position, that if the drawer is discharged upon the bill by such laches, it is noj; competent for the Plaintiff to recover
 
 *196
 
 upon the other count, for money had and received. As this bill was payable within a certain period after
 
 sight,
 
 a presenfment for acceptance was necessary, and notice 0Ught immediately to have been given of the non-acceptance to the person- meant to be charged. It is not sufficient, in such case, to wait till the time of payment has arrived, and then to give notice of non-acceptance as well as non-payment.
 
 *
 
 It is a presumption of law that the drawer is prejudiced by the want of notice; and the circumstances of this case demonstrate the wisdom of the rule. If notice had been given to Rodman of the non-acceptance, it would have readied him before the departure of the ship from the State, ami have thus given him an opportunity of indemnifying himself for any advances for the cargo. The notice of non-payment could have been of no use to him in this, view, for it was put into the Post-Oifice after the ship had sailed on her voyage. .
 

 It is, however, relied upon by the Plaintiff, that this is a case where the law dispenses with notice, since it appears in the case that Riggs owed Rodman nothing, either when the bill was drawn or when it was protested. That such an exception to the rule of giving notice was established in the case of
 
 Bickerdike,
 
 v. Bollman,
 
 †
 
 and has been acted on in many cases since, cannot be disputed. But it is equally true, that the inconvenience of relaxing the rule has been the subject of
 
 regret;
 
 and a strong disposition has been manifested by the Judges to qualify and restrain the exception itself — They have accordingly said that actual value in the hands of the drpwee at the time of drawing the bill was' not essentially necessary to entitle the drawer to notice in case of. a dishonor $ but if the drawer had good ground to think that he had a light to draw — as where he had made a consignment to answer the bill, though it might not have reached the drawee when the bill was presented for acceptance — or where an acceptance is expected to be made
 
 *197
 
 on the ground of a fair mercantile agreement, and in several other cases depending on the same reason, it has been held that notice is not dispensed with. In the case before us, Ilodman had not only ground to believe that his bill would be honored, but he drew it under the express written authority of
 
 Riggs ;
 
 and this I should deem sufficient, of itself, to entitle him to notice. The law, therefore, arising upon the facts before us, is clearly for the Defendant: If there be other circumstances belonging to the case which are not incorporated in the statement, the parties will have an opportunity of establishing them upon another trial. 1
 

 The judgment must be reversed, and a new trial awarded.
 

 *
 

 12 East. Rep. 434.
 

 †
 

 1 T. Rep. 410.